UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAYSON S. BENNETT,

                        Plaintiff,

            -against-

JEHOVAH'S WITNESSES; WATCHTOWER
BIBLE AND TRACT SOCIETY OF NEW
YORK, INC.; WATCH TOWER BIBLE AND
TRACT SOCIETY OF PENNSYLVANIA,

                        Defendants.

23-CV-0704 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jayson S. Bennett, a lifelong resident of West Virginia, (ECF No. 1 at 3) brings

this *pro se* action invoking the Court's federal question and diversity of citizenship jurisdiction

against: (1) "Jehovah's Witnesses"; (2) Watchtower Bible and Tract Society of New York, Inc.;

and (3) Watch Tower Bible and Tract Society of Pennsylvania. Plaintiff alleges, *inter alia*, that

Defendants' teachings caused Plaintiff to develop "extreme political and religious beliefs," that

Defendants "intentionally inflicted emotional distress upon Plaintiff," and that he "suffered to the

point of insanity and suicide by the Defendant's teaching and actions." (*Id.* at 2.) For the

following reasons, this action is transferred to the United States District Court for the Southern

District of West Virginia.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that he is a "natural-born-citizen of the United States with lifelong domicile in the State of West Virginia," and that "Defendant is a religious organization with foreign and domestic presence in every state of the United States." (ECF No. 1 at 3.) It is clear from Plaintiff's complaint that the events giving rise to his claims occurred in West Virginia, where Plaintiff has resided all of his life. Plaintiff does, however, list Tuxedo Park, New York, and Patterson, New York, addresses for Defendants and asserts that this court has jurisdiction over his claims because "Defendant's primary place of business and residency" are in New York. (*Id.* at 4.) Based on Plaintiff's allegations about where Defendants reside, venue is proper here under Section 1391(b)(1) because he alleges that one Defendant is located in this District and all Defendants are in New York. Because a substantial part of the events giving rise to Plaintiff's claims occurred in West Virginia, the United States District Court for the Southern District of West Virginia is also a proper venue for this action under Section 1391(b)(2).[1]

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

---

[1] Plaintiff lives in Jumping Branch, West Virginia, (ECF No. 1 at 17), which is located in Summers County, in the Southern District of West Virginia. *See* 28 U.S.C. § 129(b).

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in West Virginia, where Plaintiff resides, and it is reasonable to expect that all relevant documents and witnesses also would be in West Virginia. Because Plaintiff does not reside in this District and the operative events did not occur in this District, Plaintiff's choice of forum is afforded less deference. *See Iragorri*, 274 F.3d at 72. The Southern District of West Virginia appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of West Virginia. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of West Virginia. Whether Plaintiff should be permitted to

proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 31, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge