IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**JAYSON S. BENNETT,**

      **Plaintiff,**

vs.

**CIVIL ACTION NO. 5:23-CV-00097**

**JEHOVAH'S WITNESSES,** *ET AL.***,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On January 25, 2023, the Plaintiff, acting *pro se*, filed his multi-count Complaint in the Southern District of New York (ECF No. 1), which was subsequently transferred to this District (ECF No. 9). Because there was no indication that the Plaintiff had either paid the filing and administrative fee or submitted an "Application to Proceed *in Forma Pauperis* or Without Prepayment of Fees", on March 14, 2023, the undersigned issued an Order directing the Plaintiff to either pay the filing fee ($350) and administrative fee ($52) totaling $402 or obtain approval to proceed *in forma pauperis* or without prepayment of fees no later than March 31, 2023. (ECF No. 12) The undersigned also directed the Clerk to mail a copy of a blank Application to Proceed *in Forma Pauperis*, and there is no indication that the Plaintiff did not receive either this Court's Order or the Application. (Id.) On April 7, 2023, the undersigned entered another Order directing the Plaintiff to show cause in writing on or before April 17, 2023 as to why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (ECF No. 13)

To date, the Plaintiff has not responded to either of this Court's Orders, paid the filing and administrative fee, or filed an Application to Proceed *in Forma Pauperis*. Accordingly, the

1

undersigned has determined that the Plaintiff has failed to take any steps to prosecute this action, and therefore, this matter should be dismissed.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;

(ii) the amount of prejudice caused the defendant,

(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

   (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to the Plaintiff as he has not responded to the Court's Orders directing him to either pay the filing and administrative fees, or file the Application to Proceed *in Forma Pauperis*, or to show cause why this matter should not be dismissed for his failure to prosecute. With respect to the second and third factors, the record is void of further evidence indicating that the Plaintiff has a history of "deliberately proceeding in a dilatory fashion" beyond the fact that Plaintiff has filed nothing in this action since its transfer from the Southern District of New York, including any response to either of this Court's Orders. Ostensibly, the named Defendants could be prejudiced due to the Plaintiff's inaction despite having initially brought the Complaint; indeed, this Court is being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits.

  In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's initial filings suggested an invitation to submit a completed application to proceed without prepayment of fees (See, e.g., ECF Nos. 10, 12). Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to the undersigned's Orders advising the Plaintiff that the undersigned would recommend dismissal if he failed to pay the filing fees or a completed Application to proceed without prepayment of fees, or to file a written response to show cause for his inaction in this matter. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned

recommends that this action be dismissed without prejudice unless the Plaintiff is able to show good cause for his failure to prosecute.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DISMISS** this action from the Court's docket without prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*.

ENTER: April 18, 2023.



Omar J. Aboulhosn
United States Magistrate Judge